**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PROFETE EVILIEN, :  |  |
| : | Civil Action |
| Petitioner, : | 06-4260 (WJM) |
| : |  |
| v. : | **O P I N I O N** |
| : |  |
| MICHAEL CHERTOFF, et al., : |  |
| : |  |
| Respondents. : |  |

**APPEARANCES:**

> PROFETE EVILIEN, Petitioner pro se
> # A71-897-146
> Hudson County Jail
> 35 Hackensack Avenue
> Kearny, New Jersey  07032

**WILLIAM J. MARTINI, District Judge**

On September 8, 2006, PROFETE EVILIEN (hereinafter "Petitioner"), a citizen and native of Haiti under a final order of removal, submitted his petition (hereinafter "Petition") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and an application to proceed in forma pauperis.  Petitioner challenges his detention by the Department of Homeland Security (hereinafter "DHS")[1] and

---

[1] The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of Citizenship and Immigration Services ("BCIS") within the Department of Homeland Security.  See 6 U.S.C. § 271(a).  The Act transferred

asserts that he is being held in custody in violation of (a) 8 U.S.C. § 1231(a)(6), as clarified in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001); and (b) the Due Process Clause of the Fifth Amendment.

Specifically, Petitioner maintains that

> Section 241 of the Immigration and Nationality Act permits the detention of an alien with a final order of removal for a period of 90 days. Beyond the statutory period, the Supreme Court has held that six months is a presumptively reasonable period of detention . . . . Once six months have passed, the alien must be released . . . . In this case, ICE has detained [P]etitioner for more than six months since the issuance of the final order of removal.

Pet. ¶ 21.

## DISCUSSION

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the instant Petition under § 2241 because Petitioner was detained within its jurisdiction at the time he filed his Petition and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See <u>Zadvydas</u>, 533 U.S. at 699.

---

the functions of the Commissioner of the Immigration and Naturalization Service ("INS") to the Director of BCIS, <u>see</u> 6 U.S.C. § 271(b), and abolished INS. <u>See</u> 6 U.S.C. § 291. Accordingly, DHS replaced INS on March 1, 2003.

Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States.  The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, an appeal to Board of Immigration appeals was either taken and ruled upon or the time to appeal expired); or (2) if the removal order is judicially reviewed and if a court ordered a stay of the removal, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement.  See 8 U.S.C. § 1231(a)(1)(B).

While, during the 90-day "removal period," the alien must be detained, see id. § 1231(a)(2), after the removal period, the government may detain the alien or release him subject to conditions of release.  See id. § 1231(a)(6).  In Zadvydas, the Supreme Court held that aliens may be detained under § 1231(a)(6) only for "a period reasonably necessary to bring about that alien's removal from the United States."  533 U.S. at 689 (holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention").  Recognizing that its holding would lead to difficult judgment calls in the courts, the Supreme Court, "for the sake of uniform administration

in the federal courts" endorsed a six-month "presumptively reasonable period of detention."[2]  Id. at 700-01.  However, the Supreme Court clarified that,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  *This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.*

533 U.S. at 701 (emphasis supplied).  While Petitioner asserts that Petitioner's "continued detention is not authorized . . . and violates the Fifth Amendment," Pet. at 9, the Petition is void of any factual statement indicating that Petitioner's removal is not reasonably foreseeable.  Conversely, the only piece of evidence attached by Petitioner to his Petition is a "Decision to Continue Detention" form issued to Petitioner by the ICE on August 4, 2006, reading as follows:

> You are a native and citizen of Haiti.  ICE is currently working with the Government of Haiti to effect your removal from the United States.  *ICE expects that your removal will occur in the reasonably foreseeable future.*

---

[2] Although Petitioner's Petition is silent as to when Petitioner's removal period began to run, the Petition indicates that Petitioner was in the custody of DHS for seven months.  See Pet. at 1.

Pet. at 6 (emphasis supplied).

Under the holding of <u>Zadvydas</u>, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future," 533 U.S. at 701, and only if the petitioner meets his burden of "provid[ing] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [burden shifts to the Government, and the] Government must respond with evidence sufficient to rebut the showing." <u>Id.</u>

The evidence provided by Petitioner, however, indicate that Petitioner did not meet his burden.  <u>See</u> Pet. at 6.  Rather, it appears to this Court that Petitioner, misreading the holding of <u>Zadvydas</u>, believes that the very fact of his detention meets the burden.  In fact, it appears that Petitioner is of impression that he was entitled to release on the first day after the six-month period.  <u>See</u> Pet. ¶ 21.  If so, Petitioner errs.  He is ignoring the Supreme Court's unambiguous guidance that "6-month presumption, of course, does not mean that every alien not removed must be released after six months." 533 U.S. at 701. Hence, the sole fact of expiration of the six-month period lends no support to Petitioner's claim, since Petitioner must establish *other* facts indicating that his removal is not foreseeable in order to shift the burden to the Government.  <u>See</u> <u>id.</u>

Contrary to Petitioner's self-serving assertion that his removal is not reasonably foreseeable, Pet. ¶ 21, the evidence provided by Petitioner himself unambiguously indicate that the Government is making steady progress with respect to Petitioner's removal. While Petitioner apparently concluded that his removal was not reasonably foreseeable only one months after expiration of his presumptively reasonable period of removal, this Court does not share Petitioner's pessimism. The sole fact that the governments of the United States and Haiti were unable to arrange for Petitioner's removal within the last seven months does not indicate that Petitioner's removal is not foreseeable. See Zadvydas, 533 U.S. at 701.

Since Petitioner's Petition provides this Court with a good reason to believe that Petitioner's removal is indeed foreseeable, Petitioner's Petition is denied. This Court, however, notes that Petitioner is free to file another § 2241 petition should Petitioner develop good evidence-based reason to believe that his removal is no longer reasonably foreseeable.

**CONCLUSION**

The Court concludes that Petitioner's current detention does not violate of the laws of the United States and denies his Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, without prejudice.

An appropriate Order accompanies this Opinion.


s/William J. Martini

_____
**WILLIAM J. MARTINI**
**United States District Judge**


Dated: 11/15/06